CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ALFONSO CAMBRON, on behalf of himself    :    Case No. 17-CV-5909
and others similarly situated,

                                         :

                         Plaintiff,       :    **FLSA COLLECTIVE
                                              ACTION COMPLAINT**
                                         :

     -against-                           :

                                         :

CARNHILL INC. d/b/a SUDS CAR WASH, and   :
DENNIS P. O'HEARN,
                                         :

                         Defendants.      :
----------------------------------------------------------------------X

       Plaintiff ALFONSO CAMBRON (hereinafter, "Plaintiff"), on behalf of himself

and other similarly situated employees, by and through his undersigned attorneys, Cilenti

& Cooper, PLLC, files this Complaint against defendants CARNHILL INC. d/b/a SUDS

CAR WASH ("CARNHILL"), and DENNIS P. O'HEARN ("Defendants"), and states as

follows:

## INTRODUCTION

       1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from the

Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c)

liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid commissions, (d) unpaid "spread of hours" premium for each day he worked a shift in excess of ten (10) hours, (e) liquidated damages, (f) prejudgment and post-judgment interest, and (g) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff is a resident of Westchester County, New York.

6.     Defendant, CARNHILL, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 866 McLean Avenue, Yonkers, New York 10704.

7.     Defendant, DENNIS P. O'HEARN, is the owner, President, and Chief Executive Officer of CARNHILL, and is an officer, director, manager, supervisor, and proprietor of CARNHILL, who participated and continues to participate in the day-to-day operations of CARNHILL, and acted intentionally and maliciously and is an employer

2

pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with CARNHILL.

8.     Defendant, DENNIS P. O'HEARN exercised control over the terms and conditions of Plaintiff's employment in that he has the power to: (i) hire and fire employees, (ii) determine and approve rates and methods of employee pay, (iii) determine and approve employee work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

9.     Upon information and belief, at least within each of the three (3) most recent years relevant to the claims herein, CARNHILL was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

10.    Defendants employed Plaintiff to work as a non-exempt car washer attendant and automobile detailer for Defendants' car wash business from in or about November 2010 until in or about March 2017.

11.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

12.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

13.      Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

14.      Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned commissions in direct contravention of the New York Labor Law.

15.      Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

16.      Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

17.      Defendant, DENNIS P. O'HEARN, actively participates in the day-to-day operation of the car wash. For instance, he supervises and directs the work of the employees, instructs them how to perform their jobs, and corrects them for any errors made.

18.      Defendant, DENNIS P. O'HEARN, creates and implements all crucial business policy. This includes decisions concerning the number of hours employees work, the amount of pay that employees are entitled to receive, and the manner and method by which the employees are paid.

19.      In or about November 2010, the Defendants hired Plaintiff to work as a non-exempt car wash attendant and automobile detailer.

20.      Neither at the time of hire, nor any time thereafter, did the Defendants provide Plaintiff with an annual wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

4

21.     Plaintiff worked for the Defendants in such capacities until in or about March 2017.

22.     During the course his employment, Plaintiff worked over forty (40) hours per week.

23.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week (weather permitting), and his work shift consisted of ten (10) hours per day from 8:00 a.m. until 6:00 p.m.

24.     Plaintiff would occasionally work in excess of ten (10) hours per day.

25.     Plaintiff was required to punch a time clock at the start and end of each work shift.

26.     During the relevant six (6) year limitations period beginning in August 2011 and continuing through in or about November 2014, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $6 per hour straight time for all hours worked, and worked sixty (60) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27.     Beginning in or about December 2014 and continuing through December 2016, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $9 per hour straight time for all hours worked, and worked sixty (60) hours per week (and sometimes in excess thereof). Work performed above forty

(40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

28.     Beginning in or about January 2017 and continuing through the remainder of his employment in or about March 2017, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $9 per hour straight time for all hours worked, and worked sixty (60) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29.     Upon paying Plaintiff his wages each week, the Defendants failed to provide Plaintiff with proper and accurate wage statements setting forth, among other things, Plaintiff's total gross wages, any deductions from Plaintiff's gross wages, and Plaintiff's total net wages.

30.     In addition to his wages, Plaintiff was entitled to receive $5 commission from the Defendants for each automobile that he performed detail work.

31.     Plaintiff would typically detail approximately twenty (20) cars per week.

32.     During the last two (2) years of Plaintiff's employment, the Defendants unlawfully failed to pay Plaintiff all of his commissions, often only paying Plaintiff for a fraction of the automobiles that he detailed each week.

33.     Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

34.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate

(of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

35.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees a "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

36.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by the Defendants since August 4, 2014 until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

38.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for the Defendants during the Collective Action Period,

most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

39.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

40.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

41.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

42.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants

8

have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

      a.     Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

      b.     Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

      c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

      d.     Whether the Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

      e.     Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

      f.     Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

      g.     Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

43.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

44.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

45.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46.     At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

48.     Upon information and belief, at least within the three (3) most recent years relevant to the allegations herein, CARNHILL had gross revenues in excess of $500,000.

49.     Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

50.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

51.    Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

52.    Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

53.    Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

54.    At all relevant times, the Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

55.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

56.    As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

57.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

58.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

59.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

60.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

61.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62.     At all relevant times, the Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

63.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

64.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

65.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations § 142.2-4.

66.     The New York Labor Law defines wages as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time…commission or other basis. New York Labor Law § 190.

67.     The New York Labor Law prohibits an employer from making "any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit." New York Labor Law § 193.

68.     Defendants unlawfully failed to distribute all earned wages to Plaintiff by unlawfully withholding and retaining for itself all commissions earned by Plaintiff during the course of his employment.

69.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

70.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

71.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

13

72.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants his unpaid minimum wages, unpaid overtime compensation, unpaid commissions, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.

73.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, ALFONSO CAMBRON, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of unpaid commissions due under the New York Labor Law;

(e)     An award of liquidated damages as a result of failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, commissions, and "spread of hours" premium pursuant to the New York Labor Law;

14

(g)    An award of prejudgment and post-judgment interest;

(h)    An award of costs and expenses associated with this action, together with

reasonable attorneys' and expert fees; and,

(i)    Such other and further relief as this Court determines to be just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated:  New York, New York
August 4, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
Giustino (Justin) Cilenti (GC2321)

15

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Alfonso Franco Cambron_, am an employee currently or

formerly employed by _Suds Car Wash_, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_01 / _, 2017

_Alfonso Franco_