UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALFONSO CAMBRON,

                               Plaintiff,

-against-

CARNHILL INC., et al.,

                               Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/5/2018

17 Civ. 5909 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on March 22, 2018, the parties filed their joint letter and settlement agreement, but did not include contemporaneous time records or a breakdown of Plaintiff's counsel's expenses;

    WHEREAS, on March 30, 2018, Plaintiff's counsel filed a supplemental letter to justify their request for attorneys' fees and expenses, including contemporaneous time records and a breakdown of Plaintiffs' counsel's fees.  It is hereby

    **ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable).  It is further

    **ORDERED** that Plaintiffs' counsel's request for $6,000 in attorneys' fees and $500 in fees and costs is **GRANTED**.  This amount is equal to the lodestar calculation and approximately one-third of the settlement.  The Court finds this amount to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's magnitude and complexity.  *See Hui Luo*

*v L & S Acupuncture, P.C.*, 649 Fed. Appx 1, 2 (2d Cir. 2016) (summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee shifting cases, such as those under FLSA, where the financial recovery is likely to be small); *Perez v AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee."); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011). The remainder of the settlement shall be distributed to Plaintiffs.

  The Clerk of Court is respectfully directed to close this case.

Dated: April 5, 2018
   New York, New York

              _____
                **LORNA G. SCHOFIELD**
              **UNITED STATES DISTRICT JUDGE**